**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Javier LINARES–LOPEZ,**
**Defendant–Appellant.**

**No. 10–50175**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, Federal Public

---

Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Javier Linares–Lopez (Linares) appeals the sentence imposed following his guilty-plea conviction to illegal reentry of a previously deported alien, arguing that his sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a) and therefore unreasonable. Specifically, he contends that U.S.S.G. § 2L1.2 is not empirically based and his sentence is greater than necessary because the Sentencing Guidelines account for a prior conviction both to increase his offense level and to calculate his criminal history score. He also argues that the guidelines range did not properly account for his personal history and characteristics, including his motive for reentering.

Linares's empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir.), *cert. denied,* — U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009); *see also United States v. Mondragon–Santiago,* 564 F.3d 357, 366–67 (5th Cir.), *cert. denied,* — U.S. ——, 130 S.Ct. 192, 175 L.Ed.2d 120 (2009). We have also previously rejected the argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See Duarte,* 569 F.3d at 529–31; *see also* U.S.S.G. § 2L1.2, comment.(n.6).

Linares's disagreement with the district court's balancing of the § 3553(a) factors

does not suffice to show error in connection with his sentence. *See United States v. Gomez–Herrera,* 523 F.3d 554, 565–66 (5th Cir.2008). Linares has not shown that his sentence was unreasonable, and he has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Alonzo,* 435 F.3d 551, 554–55 (5th Cir. 2006). Accordingly, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.